```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
  ANNA ZBITNOFF,                                                        :
                                                                        :
                        Plaintiff,                                      :
                                                                        :      16-CV-2947 (JMF)
                -v-                                                     :
                                                                        :        MEMORANDUM
  NATIONSTAR DEED OF TRUST, LLC, et al.,                                :      OPINION AND ORDER
                                                                        :
                        Defendants.                                     :
                                                                        :
------------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 07/18/2016

JESSE M. FURMAN, United States District Judge:

On May 10, 2016, the Court issued an Order To Show Cause why this case — involving *pro se* Plaintiff's claims under the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2614, the Consumer Credit Protection Act ("CCPA"), 15 U.S.C. § 1601, *et seq.*, and state law — should not be transferred to the Northern District of California. (Docket No. 3). In particular, the Court's Order noted that "a plaintiff may bring an action under RESPA only in the district where the property involved is located or in the district where the alleged violation occurred" and that, under both prongs, the only proper venue for Plaintiff's RESPA venue claim appeared to be the Northern District of California. (*Id.*). In response, Plaintiff indicated that she would voluntarily dismiss the RESPA claim, and proceeded to brief her opposition to the Court's transferring the case pursuant to Title 28, United States Code, Section 1404(a). (Docket No. 12). In reply, Defendants argue that transfer under Section 1404(a) is warranted. (Docket No. 13). For the reasons explained below, the Court agrees with Defendants that both the convenience of the parties and witnesses and the interests of justice call for transfer under Section 1404(a).

In considering whether to transfer a case pursuant to Section 1404(a), a court must first establish that the case could have been filed in the transferee district and, if so, determine whether convenience and the interests of justice favor transfer.  *See, e.g.*, *Bossom v. Buena Cepa Wines, LCC*, No. 11-CV-6890 (VB), 2011 WL 6182368, at *1 (S.D.N.Y. Dec. 12, 2011); *Fuji Photo Film Co., Ltd. v. Lexar Media, Inc.*, 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006).  The latter inquiry is guided by a non-exhaustive list of factors, including: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of the parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice.  *See, e.g.*, *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *Larew v. Larew*, No. 11-CV-5771 (BSJ) (GWG), 2012 WL 87616, at *3 (S.D.N.Y. Jan. 10, 2012).

As a general matter, "a plaintiff's choice of forum should not be disturbed unless the balance of the factors tips heavily in favor of a transfer."  *Rush v. Fischer*, 923 F. Supp. 2d 545, 556-57 (internal quotation marks omitted); *see also Lykes Bros. Steamship Co. v. Sugarman*, 272 F.2d 679, 681 (2d Cir. 1959) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." (internal quotation marks omitted)).  At the same time, "[t]here is no rigid formula for balancing" the factors and "no single one of them is determinative."  *Larew*, 2012 WL 87616, at *3 (internal quotation marks omitted).  "District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *see also Van Dusen v. Barrack*, 376 U.S. 612,

616 (1964) (noting that "the purpose of [Section 1404(a)] is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense" (internal quotation marks omitted)).

Weighing those factors here, the Court concludes that transfer to the Northern District of California is appropriate. As an initial matter, venue in that District is plainly proper, as the underlying property is in that District and the allegedly improper assignment occurred in that District. *See* 28 U.S.C. § 1391(b). As for the Section 1404 factors, the locus of operative facts is plainly in the Northern District of California, not here. As a result, moreover, at least some of Plaintiff's claims are likely to be governed by California law, and at least some of the key documents and witnesses are likely to be located in California. Perhaps most significant to the convenience factors, however, is the fact that Plaintiff herself resides in California, and allowing her to proceed — *pro se* — in a Court on the other side of the country would pose complications for her participation in conferences and depositions. *Cf. Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 291 (S.D.N.Y. 2004) ("[T]he plaintiff's choice of forum receives less deference when that forum is not the plaintiff's home district and there is no material connection between either the plaintiff or the underlying transactions and the chosen forum."). On these grounds alone, transfer to the Northern District of California would be appropriate.

Were there any doubt, however, transfer is surely appropriate in light of the prior, substantially similar litigation filed by Plaintiff in the Northern District of California, *see Zbitnoff v. NationStar Mortgage LLC*, No. C 13-05221 (WHA), 2014 WL 2119875 (N.D. Cal. May 21, 2014), and that Court's familiarity with these claims. *See Adams v. U.S. Bank, NA*, No. 12-CV-4640 (KAM) (LB), 2013 WL 5437060, at *6 (E.D.N.Y. Sept. 27, 2013) ("Where another court has familiarity with the parties and issues, it is in the interest of justice to transfer the case to that

tribunal in order to alleviate the concerns of 'wastefulness of time, energy and money that § 1404(a) was designed to prevent.'" (quoting *Cont'l Grain Co. v. Barge FBL–585*, 364 U.S. 19, 26 (1960)); *see also Cali v. East Coast Aviation Servs., Ltd.*, 178 F. Supp. 2d 276, 295 (E.D.N.Y. 2001) ("The interest of justice component of the Section 1404(a) analysis may be determinative in a particular case." (internal quotation marks omitted)).  Accordingly, the case is transferred to the Northern District of California pursuant to Section 1404(a).

       The Clerk of Court is directed to transfer the case to that District, to close the case in this District, and to mail a copy of this Order to Plaintiff.

       SO ORDERED.

Dated: July 18, 2016
      New York, New York

_____
JESSE M. FURMAN
United States District Judge