IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNA ZBITNOFF, | No. C 16-04237 WHA |
| Plaintiff, | |
| v. | **ORDER DISMISSING ACTION** |
| NATIONSTAR DEED OF TRUST, LLC; CITIBANK, N.A. as Trustee for Lehman XS Trust 2006-5; WILMINGTON TRUST, N.A., as Trustee for Lehman XS Trust 2006-5; ALL PERSONS UNKNOWN CLAIMING ANY LEGAL OR EQUITABLE RIGHT, TITLE ESTATE LIEN OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S TITLE, OR ANY CLOUD ON PLAINTIFF'S TITLE THERETO, and DOES 1 THROUGH 100, INCLUSIVE, | |
| Defendants. | |

**INTRODUCTION**

This is plaintiff's third wrongful-foreclosure dispute regarding the same property. Defendants move to dismiss. For the reasons stated below, defendants' motion is **GRANTED**.

**STATEMENT**

*Pro se* plaintiff Anna Zbitnoff obtained a mortgage loan from Lehman Brothers Bank, FSB, secured by the deed of trust on a property in Ukiah, California, which deed was recorded in August 2005. The deed named Mortgage Electronic Registration Systems, Inc., as the nominal beneficiary. In 2006, the loan was securitized and the deed was assigned to defendant

Citibank, N.A., in its capacity as trustee of the Lehman XS Trust Mortgage Pass-Through Certificates, Series 2006-5.

In June 2013, MERS transferred its interest in the property to defendant Nationstar Mortgage, LLC, and Nationstar recorded that assignment. Nationstar recorded a notice of default the same day, then subsequently recorded a notice of trustee's sale. In August 2014, the property sold at a foreclosure sale to defendant Wilmington Trust, National Association, "not in its individual capacity but solely as successor Trustee to Citibank, N.A.[,] as Trustee to Lehman XS Trust Mortgage Pass-through Certificates, Series 2006-5" (Defs.' Request for Judicial Notice 1–6).

In October 2013, Zbitnoff sued Nationstar in Mendocino Superior Court. She challenged the then-pending foreclosure process on the grounds that Nationstar allegedly violated various provisions of the Homeowner Bill of Rights and failed to provide her with a loan modification. Zbitnoff also contended that Nationstar allegedly misrepresented certain matters relating to the securitization of her loan. She asserted causes of action relating to fraud, misrepresentation, and wrongful foreclosure.

Nationstar removed that case to federal court here in San Francisco where it was assigned to the undersigned judge with case number 13-05221. After Nationstar moved to dismiss, Zbitnoff received two opportunities to amend her complaint, both of which were considered and ultimately rejected. Judgment was entered for Nationstar in May 2014 (Defs.' RJN, Exhs. 7–10).

In March 2015, Zbitnoff filed a second lawsuit relating to the same property and the same loan against Nationstar plus another party (not named herein), Sage Point Lender Services, LLC, which had been substituted as trustee in June 2013, at the same time that MERS assigned its interest to Nationstar. Zbitnoff again asserted causes of action including fraud, misrepresentation, and wrongful foreclosure. Defendants removed the action to federal court here in San Francisco, where it was related to Zbitnoff's prior case, assigned to the undersigned judge, with case number 15-01241. Defendants' motion to dismiss succeeded on the theory of

*res judicata*. Zbitnoff appealed, but the appeal drew a dismissal as untimely (Defs.' RJN, Exhs. 12–16).

Zbitnoff commenced this action in April 2016 in federal court in the Southern District of New York. The action concerns the same property and the same loans as the prior actions, but adds Citibank, N.A., plus Wilmington as defendants.

The action came here in July. Citibank and Nationstar moved to dismiss. In lieu of a response, Zbitnoff sought leave to amended complaint but filed that motion on the docket of her already-dismissed 2013 action rather than in this action. Zbitnoff's amended complaint asserts three claims: (i) wrongful foreclosure, (ii) quiet title, and (iii) cancellation of instruments.

An order allowed Zbitnoff to file her amended complaint in this action and invited defendants to continue to pursue their motion to dismiss, addressing the amended complaint in their reply. Meanwhile, Wilmington joined in Citibank and Nationstar's motion. A subsequent order set a briefing schedule, allowing Zbitnoff to explain how her amended complaint addressed the issues raised in defendants' motion, allowing an extended reply addressing new issues in the amended complaint, and allowing Zbitnoff to file a surreply. This order follows full briefing, including Zbitnoff's surreply, and oral argument.

**ANALYSIS**

Defendants contend that Zbitnoff's claims are barred by *res judicata*. Federal courts apply federal *res judicata* principles to the judgments of a federal court. *See McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1096 (9th Cir. 2004). Under federal law, a plaintiff may not pursue claims that have already been decided where three requirements are met: (1) they must arise from the same "nucleus of transactional fact," (2) a final judgment on the merits of the earlier claims must have issued, and (3) the parties to the instant action and the prior action must share a substantial commonality of interest with regard to the two proceedings. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003).

### 1. SAME TRANSACTIONAL NUCLEUS OF FACTS.

Under federal law, claims are identical when they derive from the same transactional nucleus of fact, notwithstanding any "different legal labels" attached to the claim. *Id.* at 1077–78. Final judgment bars relitigation of any claims that "could have been brought" in the action, regardless of whether they "were actually pursued." *United States ex rel. Barajas v. Northrop Corp.*, 147 F.3d 905, 909 (9th Cir. 1998).

Here, Zbitnoff's claims relate to the same property, the same loan, the same deed of trust in that property, and the same trustee's sale. Specifically, she challenges the foreclosure of her property on the basis that defendants conspired to defraud investors in mortgage-backed securities. She contends this theory is distinct from the theory asserted in her prior cases, which rested on the enforceability of her loan following its securitization, among other alleged violations in processing her loan. Not so. Zbitnoff's theories in all three of her cases plainly related to the very same transactional nucleus of fact — her loan and the subsequent securitization of it. Zbitnoff's attempt to recast her legal theory under a new label cannot escape the bar of *res judicata*.

Zbitnoff also contends that the addition of Wilmington as a party raises a new nucleus of facts, but her theory as to Wilmington rests on the assertion that it never properly held a beneficial interest in the property due to the alleged improprieties in the chain of transmission before it. Again, that theory relates to the same transactional nucleus of fact as her prior actions. (Zbitnoff does not contend that her claims against Citibank are distinct from those asserted in prior actions.)

Zbitnoff named Wilmington in its capacity as Trustee for Lehman XS Trust 2006-5, but she acknowledges in her amended complaint that she is not certain whether Citibank and Wilmington act as co-trustees versus Wilmington acting as trustee as a replacement for Citibank. Wilmington purchased the deed at the foreclosure sale in its capacity as Trustee for *Citibank* in *Citibank's* capacity as Trustee for the Lehman Trust. The vagaries of these transactions are sideshows inasmuch as the defendants are all privies with Nationstar, as now shown.

4

### 2. SUBSTANTIAL COMMONALITY OF INTEREST.

Identity of parties may be established not only when the parties are identical, but also where they share a "substantial commonality of interest . . . ." *Tahoe-Sierra*, 322 F.3d at 1081. Here, Zbitnoff and Nationstar have each been parties to Zbitnoff's prior actions. Furthermore, Citibank and Wilmington each received sequential assignments of the deed of trust in the property that formed the basis of Zbitnoff's actions against Nationstar and in which Nationstar held the beneficial interest. This order finds that our defendants, all of which received some interest in the property from the initial lender, are adequately in privity for the purpose of *res judicata*.

Zbitnoff argues that our defendants cannot be in privity with each other because the transactions that tie them together all rested on an illegal and fraudulent scheme (begging the question of the merits of her claims). Accepting, purely for the sake of argument, Zbitnoff's characterization of the transactions among our defendants, her dispute concerns the *effect* of those transactions, not whether they establish *privity* among the parties to the transactions. Defendants' claims to rights and interests in Zbitnoff's property all arise from their purported assignments traced back to the initial lender, Lehman Brothers.

### 3. FINAL JUDGMENT.

Judgment has twice been entered against Zbitnoff and in favor of Nationstar, both by the undersigned judge. Indeed, the second found Zbitnoff's claims barred by the first under a theory of *res judicata*. So too here.

5

**CONCLUSION**

For the reasons stated above, defendants' motion to dismiss is **GRANTED**. The case is **DISMISSED WITH PREJUDICE**. Leave to amend will not be granted due to futility. Judgment will follow.

Defendants' request for judicial notice of various public records demonstrating the chain of transmission of Zbitnoff's loan and the deed of trust are **GRANTED** as to the fact that records were made as shown. Judicial notice is **DENIED** as to the validity of the underlying transaction. Additionally, defendants' request for judicial notice of various public filings from Zbitnoff's prior litigation is **GRANTED**.

**IT IS SO ORDERED.**

Dated: November 10, 2016.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE